CLERK'S OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED
C'ville
APR 13 2006
JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | |
|---|---|
| PAULINE ELIZABETH MALLARD,<br><br>*Plaintiff,*<br><br>v.<br><br>JENNIFER BROWN ET AL.,<br><br>*Defendants.* | CIVIL ACTION No. 3:05-CV-00061<br><br><br>OPINION AND ORDER<br><br><br>JUDGE NORMAN K. MOON |

This matter is before the Court on its own motion pursuant to Fed. R. Civ. P. 60(a). Plaintiff was granted leave to file this case *in forma pauperis* and arranged with the clerk of the court to have service effected at the expense of the United States pursuant to Rule 4(c)(2). Service was due under Rule 4(m) on February 27, 2006. However, Plaintiff has never delivered to the Court subpoena forms necessary for service.[1]

In a letter dated March 8, 2006, the Court sent Plaintiff a 120-day notice pursuant to Fed. R. Civ. P. 4(m) giving her an additional 15 days to accomplish service. Unknown to the Court until today because of a clerical oversight, Plaintiff had filed a motion dated February 27, 2006, and received by the Court on March 8, 2006, requesting an extension of the 120-day service period. Having received no notice that service had been completed, the Court dismissed the case without prejudice on March 29, 2006.

---

[1] Plaintiff represented to the clerk of the court that she delivered the completed summons forms, but after further discussion admitted that she misdelivered them to a state agency.

Because the Court should have ruled on Plaintiff's request for an extension of time prior to dismissing this case, the March 29, 2006 dismissal order is hereby VACATED.

The Court thus must consider whether to grant Plaintiff's request for additional time to effect service. Rule 6(e)(1) provides:

> When by these rules or by a notice given thereunder or by order of court an act is required or allowed to be done at or within a specified time, the court for cause shown may at any time in its discretion (1) with or without motion or notice order the period enlarged if request therefor is made before the expiration of the period originally prescribed or as extended by a previous order . . .

In support of her request for additional time to return summons forms to the Court, Plaintiff claims that she has been hospitalized. However, she does not specify how long she was hospitalized, or generally why she was unable within 120 days to complete and return to the Court summons forms. She does not claim that the defendants' whereabouts are or were unknown or constantly shifting. Her motion is simply insufficient to show cause why the Court should grant an extension, and her motion therefore is DENIED.

Because the Court provided Plaintiff notice of the 120-day deadline, and Plaintiff failed to show cause (1) why the 120-day period for service should be extended or (2) why her failure to timely return the summons forms should be excused under Rule 4(m), this case is hereby DISMISSED WITHOUT PREJUDICE.

The clerk of the court is directed to send a certified copy of this Opinion and Order to all counsel of record.

It is so ORDERED.

ENTERED: *[signature]*
U.S. District Judge

April 13, 2006
Date